**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pestube Systems, Inc., ) | CV 05-2832-PHX-MHM |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| HomeTeam Pest Defense, LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____) | |

   Currently before the Court is Defendant HomeTeam Pest Defense LLC's ("Defendant" or "HomeTeam") Motion to stay the time to respond to Pestube's Motion for partial summary judgment (Dkt.#24). After reviewing the pleadings the Court issues the following Order.

**I.      Procedural History**

   On September 15, 2005, Plaintiff Pestube Systems, Inc., ("Plaintiff" or "Pestube") filed its Complaint in this case. (Dkt#1). On October 4, 2005, Plaintiff filed its Amended Complaint asserting the following claims: (1) Lanham Act violation; (2) Patent violation/False Marking; (3) common law unfair competition; and (4) unjust enrichment. (Dkt#5). On November 17, 2005, Defendant filed a Motion to dismiss with respect to claims one and three of Plaintiff's Amended Complaint. (Dkt.#7). On February 3, 2006, Plaintiff filed under Seal its Motion for partial summary judgment on the issue of literal falsity relating to its claim under the Lanham Act, *i.e*., claim one. (Dkt.#18). On March 3, 2006, Defendant filed the present Motion requesting the Court stay the time to respond to Plaintiff's

Sealed Motion for partial summary judgment or in the alternative grant an extension up to and including April 5, 2006 to file its response. (Dkt.#24) Plaintiff objects and requests that the Court direct Defendant issue a response to its Sealed Motion for partial summary judgment within 10 days. (Dkt.#28).

**II.       Discussion**

Defendant requests the Court to stay the time to file a response to Plaintiff's Sealed Motion for partial summary judgment on the basis that Plaintiff's Motion is premature. Specifically, Defendant argues that because Defendant has not filed any answer to the pending claims before the Court, but rather has filed a Motion to dismiss Plaintiff's claims of a Lanham Act violation and unfair competition that Plaintiff's Sealed Motion is premature, thus supports a stay of the applicable time period to respond. Moreover, Defendant explains that Defendant's lead counsel, Ms. Melissa Krueger, is out of the country to tend to matters relating to the adoption of two children. Mr. Krueger was also lead counsel on the related case between these parties in CV-04-0608-PHX-JAT, which settled. Thus, at the very least Defendant requests an extension to respond to Plaintiff's Motion.

**A.       Courts Typically Will Not Rule On A Pending Motion For Summary Judgment Where No Answer Has Been Filed.**

Rule 56(a) of the Federal Rules of Civil Procedure provides in pertinent part:

> A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may, at any time after the expiration of 20 days from the commencement of the action ..., move with or without supporting affidavits for a summary judgment in the party's favor upon all or any part thereof.

In this case, Plaintiff's Motion for partial summary judgment was filed after the 20-day period, thus complies with Rule 56(a)'s time specification. However, the inquiry as to whether the Sealed Motion for partial summary judgment is ripe for consideration before this Court does not end there. Rather, the issue is complicated by the fact that Defendant has not yet filed a responsive pleading to Plaintiff's Amended Complaint, but rather has moved to dismiss the very claim that Plaintiff seeks partial summary judgment, *i.e.*, Lanham Act claim. Therefore, the issue before the Court is how to proceed with these pending, but different, motions addressing the same claim.

1 As a preliminary matter it is important to note that a motion to dismiss pursuant to Rule 12(b)(6) Fed.R.Civ.P. and a motion for summary judgment are two different motions providing for different analyses by the Court. First, with respect to a motion to dismiss under Rule 12(b)(6), the purpose of such a motion is to test the formal sufficiency of the statement of the claim for relief. Only when the pleading fails to meet the liberal standard of Rule 8(a), which Rule 12(b)(6) is read in conjunction with, will dismissal of the claim be granted. See Airline Car Rental, Inc., v. Shreveport Airport Authority, 667 F. Supp. 293, 295 (W.D. La. 1986) (citing Wright & Miller, Federal Practice and Procedure, Civil, § 1357). Conversely, a Motion pursuant to Rule 56, Fed.R.Civ.P. goes to the merits of a claim and is designed to test whether there is a genuine issue of material fact. "[O]n a motion under Rule 12(b)(6), the court's inquiry essentially is limited to the content of the complaint, summary judgment, on the other hand, involves the use of pleadings, depositions, answers to interrogatories, and affidavits." Id.

Therefore, the first issue the Court must resolve is whether Plaintiff has stated a claim in its Amended Complaint under Rule 12(b)(6) pursuant to the Lanham Act. If Plaintiff, has in fact stated a claim, then the Court will determine if there is no genuine issue of material fact disputing Plaintiff's claim and if that is the case, judgment will be entered in Plaintiff's favor on that claim. However, the Court cannot evaluate the Sealed Motion for partial summary judgment until it has resolved the threshold issue of whether Plaintiff has stated a claim for a Lanham Act violation as challenged by Defendant in its Rule 12(b)(6) Motion.

This proposition is supported by the Defendant's reliance on the holding in Stuart Inc. Co. v. Westinghouse Elec. Corp., 11 F.R.D. 277 (D. Neb. 1951). In Stuart, the plaintiff, Stuart Inc., brought a declaratory judgment action; shortly thereafter the defendant filed a motion to dismiss pursuant to Rule 12(b)(6) to which the plaintiff then filed a motion for summary judgment. Id. The court explained the situation in pertinent part:

> It is true that Rule 56 in its present form allows the presentation by a claimant of such a motion, 'at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party.' In its original language the rule allowed the making of such a motion only after the pleading in answer to the claim had been served. But although a motion by a claimant for

summary judgment, served before the service of answer to his complaint may not be denied on the ground that it is necessarily and inevitably tendered too early, the general cautions against the allowance of such motions mentioned in the preceding paragraph must be kept in view. And within their teaching, a court must not grant a summary judgment upon motion therefor tendered before the service of an answer, unless in the situation presented, it appears to a certainty that no answer which the adverse party might properly serve could present a genuine issue of material fact.

Id. at 280.

Thus, in Stuart, because no answer had been filed, the court could not determine that there was no genuine issue of fact surrounding the plaintiff's claim. Id. Rather, such a determination would have to wait until the answer was filed, once, and if, the motion to dismiss was denied. Id. See also First Am. Bank, N.A. v. United Equity Corp, 89 F.R.D. 81, 87 (D.D.C. 1981) (stating that in view of fact that defendant had not yet answered plaintiff's complaint a decision on the plaintiff's motion for summary judgment would potentially overlook material issues of fact, thus postponement of consideration of motion for summary judgement was proper); Matini v. Reliance Standard Life Ins. Co., 2005 WL 2739030 * 2 (E.D. Va. 2005) (unpublished opinion) (denying plaintiff's motion for summary judgment where defendant had not yet filed an answer and noting that courts approach motions for summary judgment where no answer has been filed with extreme caution.).

In applying this principle to the present case, it is clear that Plaintiff's Sealed Motion for partial summary judgment, while not premature, raises issues that at the very least require an answer. Assuming the pending Motion to dismiss does not dispose of Plaintiff's claim, then Defendant will be required to file an answer that will address the claims asserted by Plaintiff.

**B.      Future Handling Of Plaintiff's Sealed Motion For Partial Summary Judgment**

In light of the circumstances described above regarding the significance of a lack of any responsive pleading in this case, Defendant requests that the Court stay the applicable time period to respond to Plaintiff's Sealed Motion for partial summary judgment. However, Defendant offers no authority suggesting that a stay of these Motions would be the proper course of action. Rather, the limited authority on this issue suggests that deferment or postponement is the preferred procedure. For instance, in First American Bank, 89 F.R.D.

- 4 -

at 87, the district court noted that "a court exercises its discretion in determining whether there may exist material issues of fact, and therefore, it may <u>postpone</u> its decision on a motion for summary judgment to consider future pleadings." (emphasis added). The court, which denied the defendants' motions to dismiss for lack of personal jurisdiction in the same ruling, directed that oppositions of a substantive nature to the plaintiff's motion for summary judgment be filed contemporaneously with defendant's responsive pleadings. <u>Id.</u> at 87.[1]

The holding in <u>First American Bank</u> is instructive to the present case. The proper course of action appears to be to postpone or extend the applicable deadline to respond to Plaintiff's Sealed Motion for partial summary judgment. In light of Ms. Kruger's absence as lead counsel, and in the interests of economy, the Court will postpone the deadline to file a formal response to Plaintiff's Motion until the date the Defendant is obligated to file an answer. In the event that the Defendant is obligated to file an answer to Plaintiff's Lanham Act claim, the Response to Plaintiff's Sealed Motion for partial summary judgment is to be filed contemporaneously therewith. In the meantime, the Court will evaluate the merits of Defendant's Motion to dismiss claims one and three of Plaintiff's Amended Complaint.

**Accordingly,**

**IT IS HEREBY ORDERED** granting in part and denying in part Defendant's Motion to Stay the time to respond to Pestube's Sealed Motion for partial summary judgment. (Dkt.#24). Defendant's Motion is granted in part to the extent that Defendant seeks postponement of the time to respond to Plaintiff's Motion for partial summary judgment. Defendant's Motion is denied to the extent that it seeks a stay of applicable time period to respond to Plaintiff's Sealed Motion.

**IT IS FURTHER ORDERED** that Defendant is to file its Response to Plaintiff's Sealed Motion for partial summary judgment contemporaneously with its Answer to Plaintiff's

---

[1] The defendants in <u>First American Bank</u> had filed oppositions to the plaintiff's motion for summary judgment, but only on procedural grounds. <u>Id.</u> at 87.

1  Amended Complaint in the event Defendant's Motion to dismiss Plaintiff's claim based upon
2  a Lanham Act violation is unsuccessful.
3     DATED this 22nd day of March, 2006.

_____
Mary H. Murgula
United States District Judge