**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pestube Systems, Inc., ) | No. CIV-05-2832-PHX-MHM |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| HomeTeam Pest Defense, LLC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

Currently, before the Court is Defendant HomeTeam Pest Defense, LLC's ("Defendant" or "HomeTeam") Motion to Dismiss Counts One and Three of Plaintiff Pestube Systems, Inc.'s ("Plaintiff" or "Pestube") First Amended Complaint (Dkt.#7) and Plaintiff's Application for Judgment by Default. (Dkt.#20). After reviewing the pleadings and determining oral argument is not necessary, the Court issues the following Order.

**I.   Background**

On October 4, 2005 Plaintiff filed its First Amended Complaint asserting claims of: (1) Lanham Act violation pursuant to 15 U.S.C. § 1051, et seq.; (2) Patent violation pursuant to 35 U.S.C. § 292; (3) common law Unfair Competition; and (4) common law Unjust Enrichment. (Amended Complaint ("Compl.") ¶¶7-34). Plaintiff's Lanham Act violation claim is based upon the Defendant's use of a pest control system referred to as "Tubes in the Wall." (Compl.¶8). Specifically, Plaintiff alleges that Defendant, as Plaintiff's competitor

1  in the pest control system industry, has provided "false or misleading descriptions of facts
2  or false or misleading representations of fact or both, which..., misrepresents the nature,
3  characteristics, or qualities of Defendant's goods and services, and specifically, its 'Tubes in
4  the Wall' system." (Compl. ¶¶12-13). Plaintiff alleges that Defendant "knew or should have
5  known that such descriptions or representations were and are false" as well as lacked "a
6  reasonable basis for making its assertions" in causing its representations to enter interstate
7  commerce. (Compl.¶14). Plaintiff also alleges that Defendant's representations are material,
8  have "actually deceived or have had the tendency to deceive a substantial segment of the
9  audience" and has damaged Plaintiff as a result. (Compl.¶17-19). Lastly, based upon the
10 above described allegations as well as Defendant's alleged false representations and conduct
11 regarding Defendant's purported patent governing its "Tubes in the Wall" product, Plaintiff
12 asserts that Defendant has engaged in unfair competition in "conscious disregard" of
13 Plaintiff's rights causing damages. (Compl.¶¶20-32).

14 **II.    Legal Standard For Motion To Dismiss Pursuant to Rule 12(b)(6)**

15       "The motion to dismiss for failure to state a claim is viewed with disfavor and is rarely
16 granted." Gilligan v. Jamco Development Corp., 108 F.3d 246, 249 (9th Cir. 1997).
17 Accordingly, the court will not dismiss a complaint unless it appears beyond a doubt that the
18 plaintiff can prove no set of facts to support the claim that would entitle the plaintiff to relief.
19 Morley v. Walker, 175 F.3d 756, 759 (9th Cir. 1999).

20       In determining whether a complaint states a claim, all allegations of material fact are
21 taken as true and construed in the light most favorable to the nonmoving party. Wyler
22 Summit Partnership v. Turner Broad. Sys., Inc., 135 F.3d 658, 661 (9th Cir.1998). As such,
23 an inquiry into the adequacy of the evidence is improper when deciding whether to dismiss
24 for failure to state a claim. Enesco Corp. v. Price/Costco Inc., 146 F.3d 1083, 1085 (9th Cir.
25 1998). However, "the court [is not] required to accept as true allegations that are merely
26 conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden
27 State Warriors, 266 F.3d 979, 988 (9th Cir.2001).

28

**III.   Discussion**

Defendant requests the Court to dismiss Plaintiff's Lanham Act and Unfair Competition claims on two grounds.  First, Defendant seeks dismissal on the basis that Plaintiff has not adequately stated a claim under Rule 12(b)(6) Fed.R.Civ.P.  Second, and in the alternative, Defendant seeks dismissal on the ground that Plaintiff has failed to comply with Rule 9(b)'s Fed.R.Civ.P. particularity requirement regarding claims based upon fraud.

**A.   Plaintiff's Lanham Act Claim Under Rule 12(b)(6) Analysis**

To state a claim for false advertising under the Lanham Act, § 43(a), as amended, 15 U.S.C. § 1125(a), a plaintiff must allege: (1) in [defendant's] ... advertisements, defendant made false statements of fact about its own product; (2) those advertisements actually deceived or have the tendency to deceive a substantial segment of their audience; (3) such deception is material, in that it is likely to influence the purchasing the decision; (4) defendant caused its falsely advertised goods to enter interstate commerce and (5) plaintiff has been or is likely to be injured as a result of the foregoing either by direct diversion of sales from itself to defendant, or by lessening of the good will which its products enjoy with the buying public.  Cook, Perkiss and Liehe, Inc., v. Northern Cal. Collection Service, Inc., 911 F.2d 242 (9th Cir. 1990) (quoting Skil Corp. v. Rockwell Int'l Corp, 375 F. Supp. 777, 783 (N.D. Ill. 1974).

Federal Rule of Civil Procedure, Rule 8(a), Fed.R.Civ.P. requires only a short and plain statement of the claim.  In light of Rule 8(a)'s liberal standard, Plaintiff alleges that it has complied with its pleading obligation in drafting its Amended Complaint as it has adequately informed Defendant of the nature of the claims advanced against it.  However, in evaluating Plaintiff's Amended Complaint it appears that Plaintiff has not sufficiently stated the claim so as to enable the Defendant to formulate an adequate responsive pleading or related 12(b) motion.  The Ninth Circuit's holding in Cook, is instructive in this regard. In Cook, the Ninth Circuit affirmed the magistrate judge's determination that the plaintiff's Lanham Act claim was subject to dismissal based upon Rule 12(b)(6) Fed.R.Civ.P., because the alleged actionable false statement set forth in the complaint amounted only to puffery as

a matter of law. Id. 245-46.  Specifically, the Ninth Circuit agreed with the magistrate judge that the only implication that could be drawn from the defendant's advertisement "[W]e're the low cost commercial collection experts" was that the statement constituted puffery and was not actionable as false advertising. Id.  In the instant case, Defendant is not able to assert such a defense because Plaintiff has not disclosed the alleged actionable statement. Although the Amended Complaint alleges that Defendant has asserted false or misleading descriptions of facts or false or misleading representations of fact regarding  the Defendant's "Tubes in the Wall" product, Plaintiff does not identify one such statement.  Therefore, it is impossible for Defendant to assert a proper affirmative defense or Rule 12(b) motion challenging the claim as a matter of law.

The notion that a plaintiff asserting a Lanham Act claim is obligated to assert more than just bare allegations is further supported by the holding in New.Net, Inc. v. Lavasoft, 356 F. Supp.2d 1090, 1117 (C.D. Cal., 2004).  In New.Net the district court held that the plaintiff's Lanham Act claim was subject to dismissal because the alleged actionable statement could not be deemed to be commercial in nature, thus was subject to dismissal under Rule 12(b)(6).  Here,  it is impossible to determine if the alleged statements are commercial in nature because no indication has been given as to the content or nature of the alleged statements, thus prejudicing Defendant from formulating an adequate responsive pleading or appropriate Rule 12(b) motion.

In response to Plaintiff's omission of the alleged actionable statement(s) cited in the Amended Complaint, Plaintiff cites the abovementioned cases as providing distinguishing authority against dismissal.  Specifically, Plaintiff argues that dismissal is not appropriate because unlike Cook and New.Net, Defendant has not alleged that Plaintiff would lose on the merits, but requests that Plaintiff should allege more facts.  However, that is precisely the problem; Plaintiff has asserted only basic allegations without any indication as to the content or nature of the alleged actionable statement, thus Defendant is not able to even determine if there is a legal challenge available.

Lastly, the Court also does not find persuasive Plaintiff's reliance on <u>Decorative Center of Houston, L.P. v. Direct Response</u>, 208 F. Supp.2d 719 (S.D. Tex. 2002). In <u>Decorative Center</u>, the district court held that the plaintiff stated a Lanham Act claim with respect to two types of representations, unspecified oral statements and a specific solicitation request made by the defendant. The district court rejected the defendant's motion to dismiss plaintiff's claims regarding the unspecified oral statements holding that "[g]iven the number of tenants, the nature of the oral statement, and the fact that [defendant] presented a motion to dismiss, the Court concludes that it is premature to make a conclusive determination about whether [plaintiff] has stated a Lanham Act claim concerning the alleged oral statements by [defendant's] agents." <u>Id.</u> at 727. Defendant cites this case for authority that it has no obligation to set forth additional facts such as the identity of the alleged actionable statement.

However, the Court does not read <u>Decorative Center</u> as broadly as Plaintiff. Unlike the instant case, the district court was able to determine from the complaint that the unspecified oral communications were related to the identified actionable solicitation alleged in the complaint. <u>Id.</u> at 723. Specifically, the complaint alleged that both the identified solicitation and the other unspecified oral communications between defendant and plaintiff's tenants "misled the Building's tenants by inducing them to believe that they were being offered a renewal of their listing in [plaintiff's] directory and not a listing in a separate directory published solely by [defendant.]" <u>Id.</u> Therefore, at the very least, the defendant was informed from the complaint as to the nature of the unspecified oral communications. In the instant case, Plaintiff's Complaint makes no indication as to the identity or nature of any alleged actionable representations or statements that could constitute a Lanham Act violation. These material omissions from Plaintiff's Amended Complaint prejudice the Defendant from responding or contesting Plaintiff's claim.

In light of this analysis, the Court finds that Plaintiff is obligated to allege more than bare allegations in support of its Lanham Act claim. However, dismissal on this basis is not appropriate based upon the likelihood that Plaintiff can assert specific facts supporting its claim. See <u>Morley</u>, 175 F.3d at 759. Rather, the better course of action is to require Plaintiff

- 5 -

to file a more definite statement in compliance with Rule 12(e), Fed.R.Civ.P. which provides for a plaintiff to provide a more definite statement where the pleading is "so vague and ambiguous a responsive pleading cannot be framed..." See Hall v. Tyco Intern. Ltd., 223 F.R.D. 219, 257 (M.D.N.C. 2004) (court converting motion to dismiss into motion for more definite statement); Fikes v. City of Daphne, 79 F.3d 1079, 1083 n. 6 (11th Cir.1996) (holding that a district court has the power to sua sponte order a more definite statement to narrow the issues). However, before the Court directs Plaintiff to file a more definite statement with respect to its Lanham Act claim, it will first review Defendant's argument regarding the applicability of Rule 9(b) to Plaintiff's Amended Complaint.

### B. Plaintiff's Claim of Unfair Competition Under Rule 12(b)(6) Analysis

The common law doctrine of unfair competition is based on principles of equity. Fairway Constructors, Inc. v. Ahern, 193 Ariz 122, 124, 970 P.2d 954, 956 (Ariz.App. 1998). The general purpose of the doctrine is to prevent business conduct that is contrary to honest practice in industrial or commercial matters. Id.; American Heritage Life, Ins. Co., v. Heritage Life Ins. Co., 494 F.2d 3, 14 (5th Cir. 1974). In the present case, Plaintiff bases its Unfair Competition claim not only on the conduct underlying the Lanham Act claim, but also on its Patent violation claim. (Compl. ¶20-32). Specifically, with respect to its Patent claim, Plaintiff alleges that Defendant has improperly affixed incorrect patent numbers to Defendant's service boxes of Defendant's "Tubes in the Wall" system as well as represented that Defendant's "Tubes in the Wall" system is patented knowing that the system is not patented in order to deceive the public. (Compl. ¶¶20-28). Because Plaintiff bases its Unfair Competition claim, in part, on the unchallenged allegations of Plaintiff's Patent claim, this Court cannot say that Plaintiff has not sufficiently plead this claim under Rule 12(b)(6) and in light of Rule 8(a), Fed.R.Civ.P.

### C. Application of Rule 9(b) to Plaintiff's Lanham Act and Unfair Competition Claims.

Rule 9(b) Fed.R.Civ.P. provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent,

- 6 -

knowledge, and other condition of mind of a person may be averred generally." As conceded by both parties it is unclear as to whether courts apply the requirement of Rule 9(b) to Lanham Act claims.  As a starting point, the Ninth Circuit in <u>Vess v. Ciba-Geigy Corp, USA</u>, 317 F.3d 1097, 1103-04 (9th Cir. 2003) held that the "particularity" requirement of Rule 9(b) applies not only to claims expressly denominated as fraud but claims sounding in fraud. In <u>Vess</u>, the court held, in addressing plaintiff's claims of violation of California's Consumers Legal Remedies Act and California's unfair business practice laws that in cases where the plaintiff alleges a unified course of fraudulent conduct and relies entirely on that course of conduct as the basis of the claim, "...the claim is said to be 'grounded in fraud' or to 'sound in fraud' and the pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b)."

<u>Vess</u> did not address a claim based upon the Lanham Act, but there are several district court cases applying this heightened pleading standard to such claims.  For instance, in <u>CollegeNet, Inc., v. Xap Corp</u>, 2004 WL 2303506 (D.Or. 2004) (unpublished opinion), *adopted as modified*, 2005 WL 708406 (D.Or. 2005), the court expressly applied <u>Vess</u> to require a heightened pleading standard to the plaintiff's claims of a Lanham Act violation as well as common law claim of unfair competition based upon allegations that accused defendant of knowingly and intelligently engaging in a pattern or practice of misleading and deceiving conduct. Additionally, in <u>Volunteer Firemen's Ins. Servs., Inc., v. McNeil & Co., Inc.</u>, 221 F.R.D. 388, 393 (W.D.N.Y. 2004) the district court held that while the law in the circuit to be unclear as to whether claims for false advertising must be pled with particularity generally, the court noted the heightened pleading standard appropriate in the case because the claim at issue was essentially a claim for fraud. see also <u>Max Daetwyler Corp. v. Input Graphics, Inc</u>., 608 F. Supp 1549, 1556 (D.C. Pa. 1985) (stating that "the policies which underlie Rule 9's requirement that the nature of an alleged misrepresentation be pleaded with specificity are equally applicable to the type of misrepresentation claim presented in plaintiffs' Lanham Act claim").  These cases suggest, and the Court finds this reasoning

persuasive, that where a plaintiff's Lanham Act claim is akin to fraud, the heightened pleading standard is appropriate.

As noted above, the crux of Plaintiff's Lanham Act violation claim is based upon unidentified alleged false or misleading material descriptions of facts knowingly misrepresenting the nature, characteristics, or qualities of Defendant's products including the "Tubes in the Wall" system. (Compl. ¶¶12-13). These allegations are clearly analogous to a claim of fraud. See Arnold & Assoc., Inc., v. Misys Healthcare Systems, 275 F. Supp.2d 1013 (D.Ariz. 2003) (setting forth elements of fraud in Arizona including  falsity, representation, materiality, knowledge or statement's falsity or ignorance of its truth and injury resulting from reliance on the statement).  As such, Plaintiff's Lanham Act claim is essentially "grounded" or "sounds" in fraud and is governed by Rule 9(b) as a result. Moreover, a plain reading of Plaintiff's Amended Complaint demonstrates that virtually none of the particularity requirements of  Rule 9(b) are met.  Plaintiff has failed to set forth "the who, what, when, where, and how" of the misconduct charged. Vess, 317 F.3d at 1106. "[A] plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false." Id. (citing Decker v. Glenfed, Inc. 42 F.3d 1541, 1548 (9th Cir. 1994)).  Here, Plaintiff offers nothing regarding the specific details surrounding its Lanham Act claim, rather Plaintiff offers only bare allegations in accordance with the elements of a Lanham Act claim.  As such, dismissal of this claim is proper. Id. at 1107 (stating when claim grounded in fraud fails to satisfy heightened pleading requirements of Rule 9(b), district court may dismiss the complaint or claim).  However, the  dismissal of Plaintiff's Lanham Act will be without prejudice and with leave to amend. Id. at 1108 (noting that dismissals for failure to comply with Rule 9(b) should ordinarily be without prejudice and leave to amend where it appears at all possible that the plaintiff can correct the defect.) (quoting Balistreri v. Pacifica Police Dep't. 901 F.2d 696, 701 (9th Cir. 1988)).

The same is true with respect to Plaintiff's common law claim of Unfair Competition. As noted above, this claim is based in part upon Plaintiff's Lanham Act violation claim.

Plaintiff's Unfair Competition claim speaks nothing in terms of setting forth the specific details of the claim. Rather, Plaintiff avers only that the claim is based in part on the allegations underlying its Lanham Act claim. (Compl.¶29-32). Such bare allegations clearly do not comply with Rule 9(b) and will be stripped. See Vess, 317 F.3d at 1105 (stating that if averments of fraud do not meet Rule 9(b)'s standards, those allegations are stripped and the court must determine if the remaining allegations state a claim.). However, because Plaintiff also bases its Unfair Competition claim in part upon its Patent claim, to which there is no challenge, the Court finds that Plaintiff's allegations underlying its Unfair Competition claim adequately state a claim. Plaintiff should take note that in its amended complaint, if it chooses to file one, that it if it intends to base any part of its Unfair Competition claim upon its Lanham Act claim, such allegations will need to be set forth with particularity.

### D. Summary of Motion to Dismiss

Plaintiff's Lanham Act violation claim is dismissed for failure to plead this claim with particularity pursuant to Rule 9(b). Because Plaintiff's Unfair Competition claim is based in part upon its Patent claim, it is not subject to dismissal. Plaintiff will be given 30 days from the date this Order is filed to file an amended complaint with the Court addressing the deficiencies discussed above. The Court will deny without prejudice Plaintiff's Sealed Motion for summary judgment on the issue of literal falsity as the Lanham Act claim upon which it is based is dismissed without prejudice by this Order. (Dkt.#18). However, should Plaintiff file another amended complaint asserting the Lanham Act claim in compliance with the Court's deadline, Plaintiff is granted leave to refile the Motion in accordance with Rule 56, Fed.R.Civ.P.

### E. Plaintiff's Application for Default Judgment

#### (1) Procedural History

On October 4, 2005 Plaintiff filed its Amended Complaint asserting the Four claims described above. Instead of filing an Answer to these claims on November 17, 2005, Defendant filed its present Motion to Dismiss Counts One and Three of Plaintiff's Amended Complaint. Defendant did not file any answer or similar Rule 12(b) motion in response to

Counts Two and Four of Plaintiff's Amended Complaint which are the claims of Patent Violation/False Marking pursuant to 35 U.S.C. § 292 and common law Unjust Enrichment. As a result, Plaintiff has moved for default judgment on these claims. According to Plaintiff, because Defendant has not filed an answer or appropriate pre-answer motion in response to these claims, default judgment pursuant to Rule 55(b)(2), Fed.R.Civ.P is appropriate.

**(2)     Analysis**

Rule 55(a) Fed.R.Civ.P. provides in pertinent part:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

Where the application does not involve a sum certain, such as in the instant case, the application is to be made to the court. Rule 55(b)(2) Fed.R.Civ.P. Thus, Plaintiff makes its application of default to the Court. However, the authority addressing this issue cuts against Plaintiff's request. Specifically, the majority of courts have expressly held that even though a pending motion to dismiss may only address some of the claims alleged, the motion to dismiss tolls the time to time to respond to all claims. Godlewski v. Affiliated Computer Servs., Inc., 210 F.R.D. 571, 572-73 (E.D. Va. 2002) (citing Finnegan v. University of Rochester Medical Center, 180 F.R.D. 247 (W.D.N.Y. 1998); Ritts v. Dealers Alliance Credit Corp., 989 F. Supp. 1475 (N.D. Ga. 1997); 5A C. Wright and A. Miller Federal Practice and Procedure; Civil 2D, § 1346, 146 (2d ed. Supp. 2002).   The rationale behind tolling the time to all claims is that requiring a defendant to answer some of the claims creates the possibility of duplicative proceedings if the motion to dismiss were to be denied. The Court also does not find persuasive the holding in Gerlach v. Michigan Bell Telephone Co., 448 F. Supp. 1168 (E.D. 1978), which is the only case cited by Plaintiff in support of its application. In Gerlach, 448 F. Supp at 1174, the district court held that because each claim constituted an independent basis for lawsuits, a motion to dismiss certain claims should not work to toll the time to respond to the other unchallenged claims. This is clearly the minority position and the recent authority is clearly opposed to any such holding. Lastly, it

is worth noting other district courts within this district have found the majority rule persuasive. See Accord Rosa v. California Bd. of Accountancy, 2005 WL 1899515 (E.D. Cal. 2005) (unpublished opinion); Batdorf v. Trans. Union, 2000 WL 635455 (N.D. Cal. 2000) (unpublished opinion).[1] This Court finds the majority position instructive and will deny Plaintiff's Application for default judgment against Defendant with respect to Counts Two and Four.

**Accordingly,**

**IT IS HEREBY ORDERED** granting in part and denying in part Defendant's Motion to Dismiss Counts One and Three. (Dkt.#7). Plaintiff's Lanham Act violation claim is dismissed without prejudice with leave to file a Second Amended Complaint within 30 days of the date this Order is filed. Plaintiff's Unfair Competition claim remains.

**IT IS FURTHER ORDERED** denying Plaintiff's Sealed Motion for Partial Summary Judgment Re: Literal Falsity without prejudice with leave to refile the Motion should Plaintiff file a Second Amended Complaint and assert the Lanham Act claim again within the applicable deadline. (Dkt.#18).

**IT IS FURTHER ORDERED** denying Plaintiff's Application for Judgment by Default. (Dkt.#20).

DATED this 24th day of May, 2006.

_____
Mary H. Murguia
United States District Judge

---

[1] In this Order, the Court cites several unpublished district court decisions. The Court may review and cite such decisions for persuasive authority. See Herring v. Teradyne, Inc., 256 F. Supp.2d 1118, 1128 (S.C.Cal. 2002) (holding that Ninth Circuit Rule 36-3 does not bar district courts from considering other unpublished district court decisions and reviewing them for persuasive authority).