IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pestube Systems, Inc., ) | No.CIV 05-2832-PHX-MHM |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| HomeTeam Pest Defense, LLC, ) | |
| Defendant. ) | |

Currently before the Court is Defendant HomeTeam Pest Defense LLC's ("Defendant" or "HomeTeam") Motion to Vacate Remaining Case Deadlines and Stay Further Proceedings Pending Resolution of Defendant's Motion to Dismiss Based on Lack of Subject Matter Jurisdiction. (Dkt.#75-1). After reviewing the pleadings, the Court issues the following Order.

On January 12, 2007, Defendant filed the instant Motion and requested that the matter be briefed on an expedited basis. The Court agreed with Defendant's rationale to address this matter on an expedited basis and ordered an expedited briefing schedule with its Order on January 17, 2007. (Dkt.#77). Both Plaintiff Pestube Systems, Inc., ("Plaintiff" or "Pestube") and Defendant complied with the schedule with their response and reply respectively. (Dkt.#'s 78, 81). In support of Defendant's Motion to vacate and stay, Defendant cites the fact that it has filed a motion to dismiss challenging this Court's jurisdiction to address Plaintiff's claims, including its false advertising claim under the Lanham Act, 15 U.S.C. §

1125(a). (Dkt.#73). Defendant contends that in interests of judicial economy and avoiding unnecessary litigation costs, that a stay of the remaining discovery deadlines, including Defendant's February 5, 2007, expert disclosure deadline, is appropriate. Defendant claims that its position is supported by the fact that Plaintiff lacks standing to assert a Lanham Act claim. Defendant asserts that Plaintiff has offered no evidence to indicate that Plaintiff "has suffered a concrete, particularized, actual injury, fairly traceable to [Defendant's] alleged misconduct, and likely to be redressed by a decision in [Plaintiff's] favor. (Dkt.#75-1, p.2). Defendant contends that in such circumstances, that good cause exists to modify the Court's Rule 16 Scheduling Order and to vacate and stay the pending Rule 16 deadlines. Defendant cites the Court's attention to Orchid Biosciences Inc. v. St. Louis University, 198 F.R.D. 670 (S.D. Cal. 2001), which noted that the district courts have a broad discretion to stay discovery in a case where a dispositive motion is pending. Id. at 672 (citing Date Disc, Inc. v. Systems Technology Associates, Inc., 557 F.2d 1280 (9th Cir. 1977)).

In opposition to Defendant's Motion, Plaintiff contends that there is no basis to stay discovery in this case due to Defendant's challenge to Plaintiff's standing to assert its Lanham Act claim and asserts that Defendant is engaging in a delay tactic. Plaintiff further contends that Defendant's challenge to the Court's subject matter jurisdiction will fail for several reasons, including that Plaintiff need not prove a competitive injury where a claim for injunctive relief is asserted, such as here. See Southland Sod Farms v. Stover Seed Co., 108 F.3d 1134, 1145 (9th Cir. 1997) (stating that "a competitor need not prove injury when suing to enjoin conduct that violates section 43(a)."(citation omitted). In addition to injunctive relief, Plaintiff contends that it will prove a concrete competitive injury as alleged in its Amended Complaint before this Court alleging that "[a]s a direct and proximate consequence of [Defendant's] conduct ... [Plaintiff] has been and is likely in the future to be damaged as a result of [Defendant's] false ... descriptions and deceptions." (Second Amended Complaint, Dkt.#36, ¶48). Lastly, Plaintiff also cites that there is another basis for subject matter jurisdiction in this Court because of its false marking claim under 35 U.S.C. § 292.


1 In reviewing the arguments advanced above, the Court finds, in the exercise of its broad
2 discretion, that a stay of discovery at this stage of the litigation is unwarranted. The Court
3 is certainly aware that Defendant has challenged this Court's subject matter jurisdiction;
4 however, the Court will await the full briefing from the parties before making any type of
5 assessment of the merits of Defendant's motion to dismiss. It is clear from the papers, that
6 Defendant's basis for staying discovery is based upon the its position that it is apparent that
7 subject matter jurisdiction does not exist.  For instance, Defendant asserts that Plaintiff's
8 reliance on Southland Farms is misplaced as other Ninth Circuit authority rebuts the notion
9 of standing without the presence of a particularized competitive injury. (Defendant's Reply,
10 Dkt.#81, p.3). Such an issue requires the benefit of full briefing before making any type of
11 assessment of either party's position. The same can be said regarding Defendant's objection
12 to Plaintiff's allegations in its Amended Complaint  in support of standing based upon a
13 competitive injury. (Amended Complaint, ¶ 48).  The Court does not see the benefit of
14 staying the Rule 16 deadlines during the pendency of the Court's decision regarding the issue
15 of subject matter jurisdiction, which the Court will address shortly after the issue is fully
16 briefed. Should jurisdiction exist in this Court, this matter will then push forward to a proper
17 resolution on the merits, rather than further delay a resolution of this case pending since
18 September of 2005. (Dkt.#1). In sum, in considering the current posture of this case and the
19 arguments advanced by the parties with respect to a modification of the Rule 16 Scheduling
20 Order due to Defendant's motion to dismiss, the Court finds that the circumstances of this
21 case do not warrant a stay. See Orchid Biosciences, 198 F.R.D. at 672 (stating that in
22 evaluating whether to grant a stay, "[a] case by case analyses is required, since the
23 determination will necessarily be fact specific and will depend on the particular
24 circumstances and posture of the case at issue.").
25 / / /
26
27
28

1  **Accordingly,**

2  **IT IS HEREBY ORDERED** denying Defendant's Motion to Vacate Remaining Case Deadlines and Stay Further Proceedings Pending Resolution of Defendant's Motion to Dismiss Based on Lack of Subject Matter Jurisdiction. (Dkt.#75-1).

DATED this 29th day of January, 2007.

_____
Mary H. Murgula
United States District Judge